# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LEVI GARY SPRINGER,** | )<br>) |
| Plaintiff, | ) Case No. 7:21CV00446<br>) |
| v. | ) **OPINION**<br>) |
| **JOE STALLARD,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | )<br>) |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging delay of medical care and various other constitutional violations between June 2020 and January 2021. Springer has not prepaid the necessary filing fee to proceed with a civil rights action and requests in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so, because of his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

I.

Springer's Complaint concerns medical care that he received at Red Onion State Prison ("Red Onion") June and July 2020 for complaints of abdominal discomfort and pain. His lengthy Complaint indicates that he saw nurses or doctors about these medical complaints numerous times and received medications or tests. He also complains of delayed grievance forms or responses, problems with his cell mate, and mishandled legal mail. Ultimately, in late July 2020, officials transported Springer to an outside hospital, where he was diagnosed and treated for appendix issues.

Springer also complains about other medical issues: wounds to his wrists from restraints maintained during his time in the hospital, lack of follow up treatment for a possible throat problem, and improper treatment of his surgical staples and sutures. His Complaint wanders on to allegations about being denied medication during pill pass in September 2020 after a lockdown was declared, having his wrist injuries aggravated by twisted handcuffs, and protesting by covering his window, being sprayed with pepper spray. He alleges that in November 2020, he had difficulties with his cell mate, did not get proper testing or treatment for possible exposure to Hepatitis C, and did not receive a winter jacket for outside recreation. In January 2021, Springer allegedly had difficulty obtaining copies of financial records needed to go forward with another civil lawsuit.

Springer purportedly signed and dated his Complaint in this § 1983 lawsuit on June 21, 2021. He has brought two prior lawsuits about some of these allegations. *Springer v. McDuffie*, Case No. 7:20CV00263 (W.D. Va. June 5, 2020) (dismissed under 28 U.S.C. § 1915(g) for failure to demonstrate imminent danger of serious physical harm related to abdominal pain); *Springer v. Stallard*, Case No. 7:20CV00680 (W.D. Va. Feb. 8, 2021) (dismissed for failure to comply with order to submit required financial information). He contends that these prior cases were dismissed, in part, because prison officials failed to provide him with requested financial documentation. Therefore, Springer argues that I should allow this 2021 lawsuit to go forward under 28 U.S.C. § 1915(g) because he was in imminent danger of physical harm in June 2020, as demonstrated by his later diagnosis of having a ruptured appendix that required emergency surgery, and because his other lawsuit was dismissed after officials allegedly failed to provide required financial records on a timely basis. Apparently, he also believes other alleged violations of his constitutional rights (related to grievances, outdoor clothing, and legal mail) should also be addressed on the merits under § 1915(g), because later events proved that he had a serious medical need as alleged in his earlier 2020 lawsuit.

II.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. Apr. 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed without prepayment of the filing fee only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct.

*Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Courts have concluded that where a three-striker inmate's allegations reflect that he has had access to medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See, e.g., Godfrey v. Norwood*, No. 19-3001-SAC, 2019 WL 4034452, at *2–3 (D. Kan. Aug. 27, 2019) (citing other cases). I cannot find that Springer has demonstrated any imminent danger of physical harm under § 1915(g), related to his claims in this § 1983 Complaint filed in June 2021. Springer's claims concern past occurrences and symptoms that had been treated extensively by the time he filed the Complaint in this action. His claims also rest on his disagreement with medical judgments by the medical or mental health staff as to

the urgency or type of medical treatment his symptoms or test results indicated. Such past or current disagreements between patient and medical professionals cannot, without more, support a finding that Springer was in imminent danger of serious physical harm when he filed his current lawsuit in June 2021. His other claims regarding legal mail, grievances, and cell assignment also do not demonstrate that he was in imminent danger of serious physical harm when he filed this case.

For the stated reasons, I cannot find that Springer is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g). Accordingly, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: November 4, 2021

/s/  JAMES P. JONES
Senior United States District Judge